IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01540-BNB

DARWIN HAYTER,

      Applicant,

v.

DEBORAH DENHAM – Warden FCI Englewood,

      Respondent.

---

## ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

Applicant, Darwin Hayter, is a prisoner in the custody of the Federal Bureau of
Prisons at the Federal Correctional Institution at Englewood, Colorado.  Mr. Hayter has
filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241
(ECF No. 1) challenging a decision denying him placement in a halfway house.  He
requests as relief in the application to be released immediately to a halfway house in
Denver, Colorado.

The court must construe the application liberally because Mr. Hayter is not
represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.
Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an
advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  Mr. Hayter will be ordered to
file an amended application if he wishes to pursue any habeas corpus claims in this
action.

The application is deficient because Mr. Hayter fails to provide a clear statement

of the claims he is asserting.  In particular, Mr. Hayter fails to allege specific facts that

demonstrate his federal constitutional rights have been violated.  Although the court

must construe the application liberally, "the court cannot take on the responsibility of

serving as the litigant's attorney in constructing arguments and searching the record."

*Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Habeas corpus relief is warranted only if Mr. Hayter "is in custody in violation of

the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).

Pursuant to Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the

United States District Courts, which apply to this habeas corpus action pursuant to §

2241, Mr. Hayter must provide specific factual allegations in support of the federal

constitutional claims he is asserting.  These habeas corpus rules are more demanding

than the rules applicable to ordinary civil actions, which require only notice pleading.

*See Mayle v. Felix*, 545 U.S. 644, 655 (2005).  "A prime purpose of Rule 2(c)'s demand

that habeas petitioners plead with particularity is to assist the district court in

determining whether the State should be ordered to 'show cause why the writ should

not be granted.'"  *Id.* at 656 (quoting 28 U.S.C. § 2243).  Naked allegations of

constitutional violations are not cognizable in a habeas corpus action.  *See Ruark v.

Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).

Finally, the court notes that Mr. Hayter has filed other documents in this action in

which he asserts claims for damages against various individuals who allegedly have

violated his rights in connection with the decision denying him placement in a halfway

house.  (*See* ECF Nos. 4, 7, & 9.)  Mr. Hayter may not pursue his claims for damages in

this action because "[t]he essence of habeas corpus is an attack by a person in custody

upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). If Mr. Hayter wishes to pursue any claims for damages, he must do so in a separate civil rights action. Accordingly, it is

ORDERED that, **within thirty (30) days from the date of this order**, Mr. Hayter file an amended application that clarifies the federal constitutional habeas corpus claims he is asserting. It is

FURTHER ORDERED that Mr. Hayter shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Hayter fails within the time allowed to file an amended application that complies with this order, the action will be dismissed without further notice.

DATED July 3, 2014, at Denver, Colorado.

BY THE COURT:


*s/Craig B. Shaffer*
United States Magistrate Judge