IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01540-BNB

DARWIN HAYTER,

    Applicant,

v.

DEBORAH DENHAM – Warden FCI Englewood,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Darwin Hayter, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. Hayter initiated this action by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) challenging a decision denying him placement in a halfway house. As relief he asked to be released immediately to a halfway house in Denver, Colorado. (*See* ECF No. 1 at 5.) On July 3, 2014, Magistrate Judge Craig B. Shaffer entered an order directing Mr. Hayter to file an amended application for a writ of habeas corpus that clarifies the federal constitutional habeas corpus claims he is asserting in this action. Magistrate Judge Shaffer advised Mr. Hayter that habeas corpus relief is warranted only if he "is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), that the pleading rules applicable to a habeas corpus action are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading, *see Mayle v. Felix*, 545 U.S.

644, 655 (2005), and that naked allegations of constitutional violations are not cognizable in a habeas corpus action, see Ruark v. Gunter, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam).  Magistrate Judge Shaffer also noted that Mr. Hayter improperly had filed several documents in this action asserting claims for damages against individual prison officials.  Magistrate Judge Shaffer specifically advised Mr. Hayter that he may not pursue his claims for damages in a habeas corpus action and that, if he wishes to pursue any claims for damages, he must do so in a separate civil rights action.  On July 21, 2014, Mr. Hayter filed an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 16).

       The Court must construe the amended application liberally because Mr. Hayter is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be an advocate for a pro se litigant.  See Hall, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action.

       The Court has reviewed the amended application and finds that Mr. Hayter still fails to provide a clear statement of his claims in this action.  Although Mr. Hayter indicates in claims one and three in the amended application that he has been denied due process, he fails to allege specific facts in support of the due process claims that demonstrate his constitutional rights have been violated.  Mr. Hayter does not identify his second claim in the amended application as a constitutional claim and he also fails to allege specific facts in support of that claim that demonstrate his constitutional rights have been violated.

       As noted above, Mr. Hayter was advised that he must allege specific facts in

support of his constitutional claims and that naked allegations of constitutional violations are not sufficient in a habeas corpus action. Despite these instructions, Mr. Hayter has failed to file an amended application that clarifies and provides fair notice of the claims he is asserting.

Mr. Hayter also failed to comply with the directive that he may not seek damages as relief in a habeas corpus action. This is so because "[t]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). However, despite this directive, the only relief Mr. Hayter requests in the amended application is an award of damages.

The action will be dismissed because Mr. Hayter has failed to comply with the order directing him to file an amended application. Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the habeas corpus application (ECF No. 1) and the amended habeas corpus application (ECF No. 16) are denied and the action is dismissed without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure because Mr. Hayter failed to comply with a court order. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is

denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.  It is

FURTHER ORDERED that the "Emergency Petition for an Injunction and/or Sanctions Upon Non-Party at Fault Robert French Violating Court Order of June 11th, 2014" (ECF No. 12) is DENIED as moot because Applicant paid the $5.00 filing fee for this habeas corpus action.  It is

FURTHER ORDERED that all other pending motions are DENIED as moot.

DATED at Denver, Colorado, this  12th   day of    August        , 2014.

BY THE COURT:


  s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court